IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

ERIN BULL, et al.,

    Plaintiffs,

v.

CLARENCE H. CARTER, in his official capacity as Commissioner of the Tennessee Department of Human Services,

    Defendant.

Civil Action No. 3:25-cv-00041
Class Action
Chief Judge Campbell
Magistrate Frensley

## LIMITED PROTECTIVE ORDER

Fed. R. Civ. P. 26(c)

THIS MATTER comes before the Court pursuant to a joint motion by the parties for a Limited Agreed Protective Order, and the Court having considered the Motion and other matters of record herein. The parties plan to submit a more comprehensive protective order that applies to other documents produced as part of this case.

Defendant has requested production of certain tax records of one of the Plaintiffs in this matter, which are confidential under federal law pursuant to 26 U.S.C. § 6103. IT IS, THEREFORE, ORDERED with the consent of the parties that a Limited Protective Order be entered for the purposes of assuring the confidentiality of all Confidential Information that may be disclosed by Plaintiff.

1.    As used in this Protective Order the term "Confidential Information" means Federal tax return or return information belonging to Plaintiff Trista Hubbard, including her 2021 Tax Return Transcript, Record of Account, Account Transcript, and Form W-2 Wage and Tax

1

Statement.

2. Confidential Information shall be used by the parties or counsel for the parties only for purposes of this action, including, but not limited to, testimony, briefs, memoranda of law or other filings in connection with this action provided that all such briefs, memoranda or other filings containing Confidential Information shall be marked "CONFIDENTIAL" as appropriate pursuant to this Order. Use of Confidential Information outside this action is strictly prohibited unless permitted by this Order.

3. Access to, or use of, Confidential Information shall be limited to (1) counsel of record and their associates, staff and assistants working on this litigation; (2) experts and experts' staff (subject to any applicable limitations in this Order); (3) the parties or witnesses of the parties whose review and knowledge is necessary for purposes of this action; (4) court reporters and videographers involved in the facilitation of depositions; and (5) the Court, including judges, clerks and court reporters. Any disclosure of Confidential to individuals working on behalf of a party (including consultants and/or expert witnesses) shall be done in good faith based on a determination that the subject matter is relevant to the individual's work in this action.

4. Before giving access to any person not bound by law/and or position to maintain confidentiality of Confidential Information, counsel who wishes to provide the information to that person shall first inform them of this Order and require them to acknowledge that they understand the terms of this Order and agree to abide by them. In the case of a witness at trial, it shall be sufficient for the witness to acknowledge this Order on the record, and it shall not be necessary to repeat the process each time the witness is shown additional documents containing Confidential Information.

5. Each person given access to Confidential Information pursuant to this Order shall

keep such material strictly secure and shall refrain from disclosing in any manner any information except as provided by this Order.

6. <u>Manner of Designation</u>: A Producing Party may in good faith designate information or documents as Confidential by stamping or otherwise clearly marking the material prior to production as "CONFIDENTIAL."

7. <u>Dispute Resolution</u>: Pursuant to Local Rule 37.01(a), the parties shall attempt in good faith to informally resolve any disputes regarding the designation of discovery materials under this Order. Specifically, a party may challenge a another party's confidentiality designation by explaining in writing the basis for its belief that the designation is not proper. The designating party must respond to the challenge within ten (10) business days in writing by either agreeing to revise or withdraw the challenged designation or explaining its basis for refusing to do so. If the parties are unable to resolve their disagreement, they shall submit a joint statement in connection with a request for a discovery conference or discovery motion pursuant to Local Rule 37.01(b). Unless and until the Court rules on such dispute, the original designation shall control the parties' treatment of the Confidential Information.

8. A party shall not be obliged to challenge the propriety of any designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto, including after the close of discovery, during an evidentiary hearing, at trial, or thereafter.

9. <u>Destruction</u>: Upon the conclusion of this action, including all appeals, the provisions of this Order shall continue to be binding upon all persons entitled to access Confidential Information under the terms of this Order. Within ninety (90) days of the conclusion of this action, all Confidential Information subject to this Order and all copies and extracts from documents containing Confidential Information, except for litigation documents and attorney

work product, shall be either (a) returned to the producing party (if the producing party so requests within fifteen (15) days of the conclusion of this action and pays the reasonable costs of such return) or (b) certified as having been destroyed by the party in receipt thereof and such certificate shall be provided to the Producing Party or its counsel.

10. <u>Subpoena</u>: If a party in possession of Confidential Information is served with a subpoena, demand, or request for production of such information from persons or entities purporting to have authority to subpoena, demand, or request such information, the recipient of the subpoena, demand, or request shall give as soon as practicable written notice of the subpoena, demand, or request (including delivery of a copy of the same) to counsel for the Producing Party. In the event that a subpoena, demand, or request purports to require production of such Confidential Information on less than ten (10) days' notice, the party to whom the subpoena, demand, or request is directed shall give prompt telephonic notice of the receipt of such subpoena, demand, or request to the attorneys for the Producing Party.

11. Nothing in this Order shall preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to Confidential Information. Nothing in this Order shall limit a party or its counsel from use as otherwise allowed by law of its own documents or information or any documents or information obtained outside this action.

12. To the extent that Confidential Information is contained in or attached to materials filed with this court or a reviewing court, the filing party shall seek leave of court to either file redacted versions or file under seal. The Court will decide whether materials may be filed under seal in accordance with Local Rule 5.03. No one other than those authorized by this Order, the Court, or other lawful process shall have access to such sealed materials.

13. A party who breaches the provisions of this Order may be subject to sanctions, in

the discretion of the Court or other appropriate judicial official as authorized by any statute, rule or inherent power retained or provided by law.

14. The provisions of this Order shall survive and remain in full force and effect after the entry of a final disposition (including any appellate proceedings) in this matter, whether by settlement or litigation. This Court retains jurisdiction both before and after the entry of final disposition of this matter (whether by settlement or litigation) to construe, enforce and amend the provisions of this Order.

SO ORDERED AND SIGNED this 26th day of March 2025.

_____
JEFFERY S. FRENSLEY
UNITED STATES MAGISTRATE JUDGE

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Miranda Jones*
MIRANDA JONES (#36070)
Senior Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
RYAN HENRY (# 40028)
MATT DOWTY (#32078)
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 521-0417
Fax (615) 532-3926
Miranda.Jones@ag.tn.gov
Ryan.Henry@ag.tn.gov
Matthew.Dowty@ag.tn.gov

*Counsel for Defendant Carter*

**TENNESSEE JUSTICE CENTER**
Michele Johnson, TN BPR 16756
Gordon Bonnyman, Jr. TN BPR 2419
Brant Harrell, TN BPR 24470
TENNESSEE JUSTICE CENTER
155 Lafayette Street
Nashville, TN 37210
Phone: (615) 255-0331
Fax: (615) 255-0354
mjohnson@tnjustice.org
gbonnyman@tnjustice.org
bharrell@tnjustice.org

**DLA PIPER (US)**
Whitney C. Cloud,* PA Bar 331157
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Phone: (215) 656-3300
whitney.cloud@us.dlapiper.com

Connor Rowinski,* NY Bar 6044036
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Phone: (212) 335-4500
connor.rowinski@us.dlapiper.com

Allexanderia V. Bingham,* CA Bar 292672
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4735
Phone: (310) 595-3000
allexanderia.bingham@us.dlapiper.com

*/s/ Brant Harrell*

Brant Harrell
**HOGAN LOVELLS (US)**
E. Desmond Hogan,* DC Bar 458044
Jennifer Fleury,* DC Bar 187503
Melissa Giangrande Jacobs,* DC Bar 1735486
Fleming Farrell,* DC Bar 90004877
Katherine Valde,* DC Bar 90007448
Soojin Jeong,* DC Bar 90021021
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Phone: (202) 637-5600
Fax: (202) 637-5910
desmond.hogan@hoganlovells.com
jennifer.fleury@hoganlovells.com
melissa.giangrande@hoganlovells.com
fleming.farrell@hoganlovells.com
katherine.valde@hoganlovells.com
soojin.jeong@hoganlovells.com

**MAZON**
Sarah Pratter,* CA Bar 318130
MAZON, Inc.
15303 Ventura Blvd, Ste 1100
Sherman Oaks, CA 91403-6621
Phone: (310) 442-0020
Fax: (310) 442-0030
spratter@mazon.org

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's electronic records system (CM/ECF) on this the 25th day of March 2025 to the counsel listed below:

Miranda H. Jones, Senior Assistant Attorney General
Ryan Henry, Assistant Attorney General
Matthew Dowty, Senior Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207

*/s Brant Harrell*