IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIN BULL, et al., | ) |
| | ) |
| Plaintiffs, | ) NO. 3:25-cv-00041 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| CLARENCE H. CARTER, | ) MAGISTRATE JUDGE FRENSLEY |
| | ) |
| Defendant. | ) |

## UNOPPOSED ORDER GRANTING PRELIMINARY INJUNCTIVE RELIEF IN PART

Plaintiffs' Motions for Preliminary Injunction (ECF No. 23) and Class Certification (ECF No. 24) were set for hearing on April 3, 2025. At the hearing, the Court indicated that it would rule on Plaintiffs' Motion for Class Certification on the papers and instructed the parties to confer on the requested preliminary injunctive relief. As a result of those discussions, Plaintiffs have submitted this order granting preliminary injunctive relief in part, which Defendant does not oppose. By not opposing this order, Defendant does not concede any wrongdoing, that a class should be certified, or any other issue raised in its Responses in Opposition to Plaintiffs' Class Certification or Preliminary Injunction. Specifically:

1.  A special master shall be appointed to assist in this matter consistent with Fed. R. Civ. P. 53 and shall have all powers identified below and may "take all appropriate measures to perform the assigned duties fairly and efficiently." Fed. R. Civ. P. 53(c)(1)(B). The special master shall assess the Parties' positions, monitor the Defendant as set forth below, and issue a report to this Court that may include recommendations.

2.  The Parties will submit the name of a special master to whom they jointly agree or, in the event that the Parties cannot agree on a candidate, the names of up to three individuals who they propose as serving as special master. The Parties are instructed to nominate special master

candidates who have a demonstrated history of third-party monitoring and bringing parties together. The Court's order appointing a special master will assign the special master the duties expressed here and in Fed. R. Civ. P. 53(c)(1)(B).

3. In a reasonably practicable time and in consultation with the special master, Defendant shall issue the Notices of Delay set out in 7 C.F.R. § 273.2(h)(3)(i).

4. In a reasonably practicable time and in consultation with the special master, Defendant shall cease using the denial or termination reason "the household does not meet eligibility criteria" or substantially similar language as the sole basis for a SNAP denial or termination. If Defendant uses such language in the future, he shall augment the denial or termination reason with additional reasons why the members of the household are not eligible. Issues on other notices shall be reserved to be resolved or analyzed by the special master.

5. Following appointment, the special master shall meet first individually and then jointly with the Parties to understand their respective positions and to discuss an interactive process by which Defendant will submit a proposed remedial plan to the Court.

6. The special master shall be empowered to engage with the Parties together or separately as needed prior to Defendant's submission of a remedial plan to the Court and to collect reports or information from Defendant or other sources that the special master believes is necessary to accomplish his or her mandate under this Order. The special master may communicate *ex parte* with the Court or with any party and may seek clarification from the Court as to his or her duties.

7. The special master shall issue a report following Defendant's submission of the proposed remedial plan that assesses the remedial plan and contains any recommendations for further action by the Court. The special master's report may cover other topics, but it must assess the proposed remedial plan. If the Court has not dismissed the claims related to the following

issues, the special master's report will also address application processing timeliness, appeals processing timeliness, restoration of lost benefits, and Defendant's Notice of the Right to Appeal (Dkt. 41-4, JT 109), Able Bodied Adult without Dependents Notice, the Simplified Reporting Notice, and Notices of Decision that only include "Failed to Attend the Application/Recertification Appointment" or missed an interview as the basis for denial or termination of SNAP benefits.

8. If needed, the Court will hold a hearing to resolve injunctive relief issues that may remain outstanding following issuance of the special master's report. Following the issuance of the special master's report, the Court will issue an appropriate order assessing the need for further preliminary injunctive relief based on assessment of DHS' remedial plan.

9. This order is not a conclusive resolution of the merits. All requirements of this order are preliminary. If a claim in this case is dismissed, then the Parties are not subject to this order for purposes of the dismissed claim. If the case is dismissed, the Parties are not subject to this order. This order is without prejudice to either party's ability to seek additional relief from the Court.

10. The Parties will submit their competing schedules as to when the above can be accomplished no later than April 9, 2025.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE